CARTER, Judge:
This is an appeal seeking to reverse the ruling of the trial court allowing the name *192 of defendant Robert Guidry to be deleted from the answer filed in a lawsuit.
On July 17, 1981, Robert Guidry, insured by United States Fidelity and Guaranty Company (USF & G), was involved in an automobile accident with a vehicle owned by Champ Service Company (Champ) and insured by Travelers Insurance Company (Travelers). As a result of the accident, the vehicle owned by Champ and a building located near the site of the accident were both damaged.
Travelers and Champ filed suit naming Guidry and USF & G as defendants. After being served with the petition, USF & G retained Robert D. Morvant as counsel. Morvant filed an answer on behalf of both USF & G and Guidry. It was later learned that service of process had never been made on Guidry (his whereabouts were and still are unknown). As a result of this, USF & G filed a motion to show cause why the answer filed should not be amended so as to strike Guidry’s name therefrom. After a hearing on the rule to show cause, the trial judge made the rule absolute and allowed Guidry’s name to be removed from the answer because proper service had not been made on Guidry and the answer filed was effective only as to USF & G.
Plaintiffs argue on appeal that because the insurance policy in effect between Guidry and USF & G stated that USF & G had a “right and a duty to defend any suit against the insured”, Morvant (as counsel for USF & G) had a right to file an answer for Guidry. Therefore, plaintiffs contend that when the answer was filed an “appearance” was deemed to have been made by Guidry, and thus, any objection to the jurisdiction of the court over Guidry was waived.
We disagree. Morvant did not have the authority to submit Guidry to the jurisdiction of the court. There was no direct authorization from Guidry to Morvant, nor was there any indirect authorization as a result of the insurance policy between Gui-dry and USF & G.
The policy stated that USF & G has a “right and a duty to defend any suit against the insured.” The duty of an insurer to defend is well established in the jurisprudence. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969). This duty to defend is in the nature of a fiduciary relationship in which the rights of the insured are deemed paramount.
The policy also states that an insurer has the right to defend. It is clear that the purpose of the insurer’s right to defend is to enable the insurance company to safeguard its interests by participating in litigation involving the insured. However, in asserting its right to defend, the insurance company can do nothing that would prejudice or jeopardize the insured’s position. Therefore, we find that, absent the express authorization of the insured, the right of the insurance company to defend the insured does not include the right to submit the insured to the jurisdiction of the court or to take any other action to the prejudice of the insured.
Under the circumstances present in the case sub judice, Morvant was not authorized by Guidry and could not be authorized by USF & G under the policy to file an answer on behalf of Guidry. Therefore, the trial judge was correct in ruling that the answer be amended so as to strike Guidry’s name therefrom.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs on appeal to be paid by plaintiff-appellants.
AFFIRMED.